OPINION OF THE COURT
Millard L. Midonick, S.
In this accounting proceeding of the trustees of two testatmentary trusts, the guardian ad litem has noted in her report that she was unable to examine physically the securities listed as on hand by the trustees because the securities are either Federal securities held in book entry form at the Federal Reserve Bank or securities held in consolidated form at the Depository Trust Company for the account of the corporate trustee. Certifications by the corporate trustee and by an officer of Depository Trust Company are attached to the guardian’s report.
The guardian’s report raises the problem of verification of assets on hand by guardians ad litem in court accountings. This problem as well as a possible solution to it was discussed by Surrogate Bennett in Matter of Coe (80 Misc 2d 374). In that decision, Surrogate Bennett thoroughly analyzed the various applicable statutory provisions and the history and operations of Depository Trust Company, and concluded that the certifications of the fiduciary and Depository Trust Company together with an examination of the fiduciary by the guardian pursuant to SCPA 2211 and CPLR article 31 would constitute sufficient verification by the guardian ad litem.
This court has also been seriously concerned with this problem. My colleague Surrogate Lambert and I and members *274 of our legal staff recently met with representatives of a major corporate fiduciary, Depository Trust Company, Federal Reserve Bank and the New York State Banking Department to discuss their current procedures and operations.
We discerned that the corporate fiduciary, or custodian (in the case of an individual fiduciary who places all or most of the estate or trust securities, in a custodian account maintained by a bank or trust company) holds securities, either stocks or bonds, in a number of different forms. Firstly, stocks or bonds which are registered in the name of the individual or corporate fiduciary are kept in separately marked folders in the bank vault and can be physically viewed by a guardian ad litem. In addition, stocks registered in the nominee name of the corporate fiduciary or custodian are also kept in separate folders which are marked with the name of the particular trust, estate or custodian account. These too can be physically viewed by the guardian, even though, as Surrogate Bennett noted in Matter of Coe (80 Misc 2d 374, 379): "It is true, however, that it may very well be that these same assets could be used time and again for verification in various estates and there is no complete guaranty that they actually do belong to a particular estate.” Nevertheless, the guardian ad litem should continue to view physically those securities which are actually held by the fiduciary or custodian.
The securities which present the greatest difficulty with respect to verification are those which are held by the corporate fiduciary or custodian under the "FOSBI” system or with the Depository Trust Company and the Federal Reserve Bank. "FOSBI”, an acronym for "Filing of Securities By Issue”, is a system whereby all bearer bonds of the same issue and maturity, without regard to ownership, are grouped together in one or more folders and bear, in most instances, no markings, or other indicia of specific ownership. (EPTL 11-1.6.) This system allows for simple and faster clipping of coupons and other procedures. Surrogate Bennett in Matter of Coe (supra, p 379) analyzed the Depository Trust Company system (EPTL 11-1.9), and stated that the guardian should receive verifications from the fiduciary or custodian and from Depository Trust Company, the latter to "certify to the guardian ad litem that it has on hand certain securities, the quantities of which are either equal to or greater than the quantities shown on the certificate submitted to it.” With respect to the Federal Reserve Bank system (EPTL 11-1.8), Federal securities do not *275 exist as physical pices of paper anywhere. Instead, they are recorded in the book entry system of the Federal Reserve Bank for the general fiduciary account of the fiduciary or custodian without differentiation as between individual estates, trusts or custodial accounts, although separate accounts are maintained for the private investments of the institution itself as compared to its fiduciary investment activities.
At our conference with the various representative groups, we learned that both Depository Trust Company and the Federal Reserve Bank have no independent means of verifying or certifying that securities held in a certain trust or estate account are on deposit with them from a corporate institution. They know only what is held on deposit in bulk for the account of such an institution, and such holdings can be owned by the institution itself as a fiduciary as well as in its capacity as an agent or custodian. The audits performed by these systems can only confirm total holdings and in no way check into the existence of securities belonging to any single particular estate or trust account, although there is a differentiation in bulk between fiduciary accounts, and nonfiduciary accounts belonging to the institutions themselves. EPTL 11-1.9 appears to permit this procedure. Therefore, a certification from Depository Trust Company cannot verify that securities belonging to any particular trust or estate are held on deposit there. The same is true for securities held in the book entry system of the Federal Reserve Bank. In addition, the regulatory agencies do not verify holdings for each fiduciary account. The New York State Banking Department can conduct only spot-check audits of securities held by banking institutions, due to staff and time restrictions. It follows, therefore, that the Banking Department must rely to a large extent upon the inegrity of the institution as a basis for issuing favorable audit statements rather than undertaking the task of conducting the actual detailed and comprehensive audits itself.
The corporate institutions themselves perform daily audits and have safeguards and protections built into their operations. All activities with respect to their accounts are computerized and a complete history of all the transactions of an account can be obtained by requesting an up-to-date print-out from the computer of all transactions during the accounting period as well as of the opening and closing inventory. Although this print-out is the basis for the accounting and the schedules of account are prepared by reference to the com *276 puter print-out with respect to the estate or trust, it is this court’s ruling that the guardian ad litem should review the print-out and verify that the assets shown as on hand on the closing date of the account are identical to the assests shown on the print-out. I respectfully differ with those who believe that the guardian should insist upon receiving a certification from the corporate fiduciary or the depository as to what securities are on hand in the trust or estate because the accounting itself provides the certification where the institution is the fiduciary and the Depository cannot certify as to the assets held in any particular account for the fiduciary.
Where the institution is merely the custodian for the individual fiduciary, the guardian should request a certification but should also review the computer print-out of the custodian account so as to verify it against the schedules of account. We feel that such verifications by the guardian are satisfactory and sufficient in view of the practicalities of the situation.
Both as fiduciary and as custodian, the print-out, as well as the physicial securities, if on hand, should be labeled as trust or special property not owned by the institution. Such labeling, even electronically, ought to insulate such assets against creditors of the bank. (Cf. Banking Law, § 100-5.) In addition, the institution’s computer records should contain an appropriate notation when a security is delivered to Depository Trust Company, or acquired through the book entry system of the Federal Reserve Bank, or transferred into the FOSBI system of the institution itself.
It is recognized that the various fiduciary institutions in the State of New York are supervised and their stability examined by many agencies including not only the New State Department of Banking, but also the Federal Reserve Bank of New York, the United States Comptrolller of the Currency and the Federal Deposit Insurance Corporation. In addition to various of these periodic official examinations, each fiduciary institution calls upon well-established firms of independent certified public accountants to audit its holdings. It is suggested that these examining and auditing agencies focus from time to time on the total fiduciary holdings of each institution, which are presumably earmarked on the fiduciary’s books so that, inter alia, they are shielded from creditors of the institution. If the fiduciary assets are found to be fundamentally intact and the institution is found to be financially stable, *277 then there need be little concern over the possible disappearance of fiduciary assets.
We understand the limitations faced by the New York State Banking Department and the other supervisory agencies, but, nevertheless, urge the Superintendent of Banks of New York State and the other regulatory chiefs to consider changing their procedures with respect to examining or auditing fiduciary accounts so as to provide more detailed, thorough audits of the assets held in such accounts.
The account in this case, as supplemented by an affidavit of the corporate fiduciary, being in all respects proper, is hereby settled and approved.