OPINION OF THE COURT
Evans V. Brewster, S.
Attorneys’ fees are allowed in the amount requested for all *1042 legal services rendered and to be rendered to and including the settlement of the decree to be made herein and distribution thereunder. Disbursements properly incurred may be taxed as costs.
This intermediate trust accounting covers a period of almost 18 years. Upon attempting to verify the existence of principal assets on hand, the guardian ad litem was informed that many of the securities were held on deposit with the Depository Trust Company (DTC) where the specific securities belonging to the trust could not be physically inspected since they were merged into larger certificates. This posed a dilemma for the guardian ad litem who was unable to physically verify the existence of all of the trust assets.
The guardian ad litem has submitted a lengthy report in which he outlined the scope of his efforts to verify the existence of the principal assets listed in Schedule F of the account. A personal visit to the Depository Trust Company was made to inspect the facility. Conferences were held with members of the staff of the Depository Trust Company, the Chase Manhattan Bank, the Surrogate and members of the court staff and counsel for the trustees to explore the existence of a procedure to verify the existence of the principal assets of the trust.
The guardian ad litem reviewed the statutory authority for the deposit of securities with the Depository Trust Company (EPTL 11-1.1, subd [b], pars [9], [10]; 11-1.6, subd [c]) and the decisions of Surrogate Bennett (Matter of Coe, 80 Misc 2d 374) and of Surrogate Midonick (Matter of Kane, 96 Misc 2d 272). The exhaustive and thorough investigation of this question is evident from the report filed by the guardian ad litem, William F. Plunkett, Jr.
The recommendations of the guardian ad litem, which reflect the views of this court, are adopted as the recommendations of this court with respect to the verification of securities held by the Depository Trust Company.
They are:
"1. As Judge Bennett suggested in Coe, supra, the Legislature should specifically impose a liability on fiduciaries utilizing Depository Trust Company in the event securities are lost or an estate suffers any kind of loss through the utilization of DTC.
"2. I would also require a certificate from DTC that it will *1043 certify to the Guardian Ad Litem that it has on hand certain securities in quantities which are either equal to or greater than the quantities shown on the certificates submitted to it by the custodian or fiduciary. That certificate will reflect the assets of the estate. At least, as Surrogate Bennett pointed out, this will provide the Guardian with the knowledge that there is on hand at least the quantity of securities to cover what is supposed to be in the account.
"3. The guidelines suggested by Surrogate Midonick in Kane, supra, should be followed scrupulously. While he does not agree with Judge Bennett, and as a practical matter he may be correct, I see no reason why DTC should not be required to make such a certification as that required by Judge Bennett in Coe, supra.
"4. Guardians should inquire into the existence and contents of the exception reports and their contents on the final day of the accounting.
"5. Guardians should also inquire whether any of the governmental agencies conducted an audit or spot check on a particular date and learn the results of such audit or spot check.
"6. Guardians should inquire of the custodian whether it has received significant complaints with respect to the dividend allocations made by the electronic record keeping system. The absence of complaint, although not dispositive, should by inference be some source of comfort to the Guardian.
"7. The Guardian should be discharged by decree when it is clear that he has done everything possible to discharge his obligations and is unable to physically verify the securities because of the necessities of modern technology in the transfer of such securities. The Guardian must be able to rely upon the certifications furnished to him by DTC and the fiduciaries, as well as any other requirements the Court may set forth.
"8. Finally, representatives of the Surrogate’s Court judges, the Federal Reserve System, the Banking System and Depository Trust Company should meet and promulgate a uniform approach to the verification process.”
The guardian ad litem is commended for his conscientious attention to his responsibilities and the excellence of his research and report.